# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARK DURANTE, an individual ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. _____ |
| ) | |
| v. ) | |
| ) | |
| KEVIN DURANT, K DURANT ENTERPRISES ) | |
| LLC, NIKE, INC., and PANINI AMERICA, INC., ) | |
| ) | |
| an individual, a Washington, ) | |
| company, an Oregon ) | |
| corporation, and a Delaware ) | |
| corporation ) | |
| ) | |
| Defendants. ) | |
| ) | |

## VERIFIED COMPLAINT

Plaintiff Mark Durante, by and through his undersigned counsel, for his Complaint against Kevin Durant, K Durant Enterprises, Nike, Inc. and Panini America, Inc. alleges as follows:

## THE PARTIES

1. Plaintiff Mark Durante ("Durante") is an individual residing in McHenry, Illinois.

2. Upon information and belief, Kevin Durant is an individual residing in Oklahoma City, Oklahoma.

3. Upon information and belief, K Durant Enterprises is Washington company with a principal place of business in Oklahoma City, Oklahoma.

4. Upon information and belief, Nike, Inc. is an Oregon domestic business corporation with its principal place of business in Beaverton, Oregon.

5. Upon information and belief, Panini America, Inc. is a Delaware corporation with its principal place of business in Irving, Texas.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action because this is a civil action brought under the Trademark Laws of the United States, 15 U.S.C. §§ 1051-1127, jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over the related state and common law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a) as these claims are pendent, substantial and related claims as to form part of the same case and controversy.

7. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim arose in the Northern District of Illinois.

## FACTS

8. Plaintiff Mark Durante ("Durante") is a Chicago-based musician with a strong national presence. Durante has played guitar in various capacities since 1968 and has been a fixture on the Chicago music scene for many years.

9. During the 1980s, Durante boasted membership in numerous successful bands, including Public Enemy, The Aliens, The Next Big Thing, and The Slammin' Watusis.

10. In the late 1980s, Durante adopted the name "Durantula" for his on-stage and performance persona.

11. Durante's DURANTULA name is widely known and highly regarded in the music and entertainment industry. Through his lengthy career, Durante has developed significant goodwill and widespread recognition in the DURANTULA mark.

12. In the early 1990s, Durante accompanied an industrial rock band known as The Revolting Cocks on their popular United States and European tours and played the guitar in their recorded live tracks. Around the same time, Durante joined popular industrial rock combination KMFDM in which he played guitar and contributed to the writing of the band's best known songs. Shortly thereafter, Durante became a longstanding member of the insurgent country act known as The Waco Brothers. These continued successes further strengthened Durante's DURANTULA persona.

13. Since 1993, Durante has used the moniker DURANTULA in connection with music, recordings, apparel, t-shirts, guitars, and related merchandise (the "Common Law Mark"). Throughout his 19 years of continuous use of the DURANTULA mark, Durante has recorded several albums, performed in numerous concerts, developed substantial goodwill and widespread recognition, and built his entire music career and persona around the name DURANTULA.

14. In 2002, Durante released *Welcome to Earth*, a solo album containing songs he wrote between 1968 and 2001, under the name DURANTULA. Seven years later, Durante released his second solo album as DURANTULA, entitled *The Moai Men*, and joined his former Wax Trax band mates in concert. Durante also developed a DURANTULA custom guitar design business to counter the limited range of many traditional guitars.

15. Durante maintains a DURANTULA website at www.durantula.com. This website has operated for the past ten years and has been consistently updated.

16. Durante also sells DURANTULA apparel, such as DURANTULA braded t-shirts.

17. In recognition of the goodwill built up by Durante as an entertainer and celebrity persona in the DURANTULA trademark, the United States Patent and Trademark Office issued Trademark Registration No. 3,748,227 - DURANTULA in connection with "Audio recordings

featuring music; Digital music downloadable from the Internet; Downloadable MP3 files, MP3 recordings, on-line discussion boards, webcasts and podcasts featuring music, audio books and news broadcasts; Downloadable musical sound recordings; Downloadable ring tones, graphics and music via a global computer network and wireless devices; Downloadable video recordings featuring music; Musical sound recordings; Musical video recordings" (the "Registered Mark"). The certificate of registration is attached as Exhibit A. Collectively with the Common Law Mark, these trademark rights are referenced to as the "Mark."

18. Kevin Durant ("Durant") is an American professional basketball player who currently plays for the Oklahoma City Thunder ("OKC"), formerly the Seattle SuperSonics, of the National Basketball Association ("NBA"). Durant is a three-time NBA All-Star, three-time NBA Scoring Champion, three-time member of the All-NBA First Team, and 2007-08 NBA Rookie of the Year.

19. In 2010, Durant led the United States to its first FIBA World Championship in sixteen years. He is currently playing for OKC.

20. Durant holds a strong national and international celebrity presence through his position with the NBA and through lucrative commercial endorsement deals with Nike, Gatorade, EA Sports, Sprint and Degree Men.

21. In 2010, in light of his growing popularity, Durant was receiving more media and fan attention, and was beginning to be marketed as DURANTULA.

22. On September 15, 2010, Durante, through counsel, notified Kevin Durant through his agent, Chief Executive Officer of Goodwin Sports Management ("GSM") Aaron Goodwin, that Plaintiff Mark Durante had prior trademark rights in the DURANTULA mark, and that Durant's

use of the Mark was unlicensed, unauthorized, and infringing. This correspondence is attached as Exhibit B.

23. Eric Goodwin, President of GSM, responded via email on September 20, 2010 that "Kevin Durant [had] never authorized any company or media outlet the use of the term 'Durantula.'" Goodwin went on to state that, "Kevin [did] not use the term as a nickname and [had] no intention of doing so." This response email is attached as Exhibit C.

24. Despite these assurances, Defendants have prominently and without authorization used the DURANTULA name and trademark as the centerpiece of Durant's professional celebrity identity and in connection with the promotion of many materials. These unlicensed uses include, but are not limited to, the following:

   a. an autographed Durantula basketball for sale by co-defendant Panini America, Inc. ("Panini") through Durant's website www.KevinDurant35.com (screenshot attached hereto as Exhibit D);

   b. an autographed "Durantula vs. Mamba" signed photograph also for sale by Panini and accessible through Durant's website (screenshot attached hereto as Exhibit E);

   c. co-defendant Nike, Inc. ("Nike")'s Epic Zoom KD III signature shoe campaign (screenshot attached hereto as Exhibit F);

   d. Nike's Air Alliance campaign involving a cartoon superhero named Durantula (screenshot of Durant's unlicensed Air Alliance superhero attached hereto as Exhibit G); and

e. Durant's own use endorsement of the nickname on his Twitter page along with a link to the Nike Air Alliance campaign (screenshot of unlicensed tweet from April 6, 2012 attached hereto as Exhibit H).

25. These unlicensed uses of Durante's Mark have occurred after Durant and his management were put on notice by Durante's counsel that such use would require a license, and after his representative affirmatively stated such unlicensed uses would not be undertaken.

26. Due to a licensing and promotional campaign marketing which has flooded the marketplace with references to Kevin Durant as DURANTULA, Defendants have nearly consumed Plaintiff Mark Durante's valuable, hard-earned identity which he has been cultivating and developing for nearly two decades. Durant's use of the Mark is as more than a nickname. It is becoming for Defendant Durant – as it has already been for Plaintiff Durante for almost 20 years – his celebrity identity.

27. On June 6, 2012, Durante, through counsel, sent a letter to Durant and his current representative, Rob Pelinka of co-defendant Landmark Sports Agency ("Landmark"), demanding that Durant cease use of the DURANTULA mark either directly, under license, or through any endorsement or marketing engagements by the close of business on June 11, 2012. This letter is attached as Exhibit I.

28. On June 11, 2012, Landmark responded with correspondence once again stating that Defendant Durant "[had] not authorized nor licensed the use of the 'Durantula' mark to any company." Landmark went on to state that "Kevin does not use the term as a nickname and has no intention of doing so." This letter is attached as Exhibit J.

29. Defendants currently persist in their infringing conduct, and their continued flooding of the marketplace with unlicensed references to Defendant Durant as DURANTULA causes confusion and lessens the value and integrity of Plaintiff Durante's Mark with each infringement.

30. Defendants' use of the Mark naturally confuses and misleads consumers looking for Durante's DURANTULA products, music and merchandise. The Defendants must not be permitted to simply push Plaintiff from the marketplace by virtue of Defendants' unauthorized and infringing use of Plaintiff's DURANTULA mark.

31. Unless Defendants cease their unauthorized, infringing, and intentionally confusing use of Plaintiff Durante's Mark, consumers will continue to be confused by Defendants' false and deceptive acts. Such confusion will eventually allow Defendants to inundate the marketplace and will result in the complete devaluation of Plaintiff's Mark.

## COUNT I
## TRADEMARK INFRINGEMENT

32. Plaintiff Durante repeats and realleges paragraphs 1 through 31 above by reference as if fully set forth herein.

33. Durante owns U.S. Trademark Registration No. 3,748,227 – DURANTULA for use in connection with music, audio recordings, and graphics related to the aforementioned. This registration is valid and subsisting.

34. The DURANTULA mark has been in use by Durante since as early as 1993 in connection with his celebrity persona and its attendant musical endeavors, t-shirts, website, custom guitar business, and related merchandise.

35. Durante has used, and is using, his Mark in interstate commerce to identify his goods and services.

36. Defendants' acts as set forth above constitute intentional and willful infringement of Durante's rights in and to his Mark in violation of Sections 32 and 43(a)-(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a).

37. By reason of Defendants' acts set forth above, Durante has been injured in his business and property. The injury to Durante continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Durante for his injuries and Durante has no adequate remedy at law.

38. Defendants' acts set forth have been deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

## COUNT II
## UNFAIR COMPETITION UNDER THE LANHAM ACT

39. Plaintiff Durante repeats and realleges paragraphs 1 through 38 above by reference as if fully set forth herein.

40. Defendants' use of Durante's Mark is calculated and likely to swamp the marketplace and cause reverse confusion amongst consumers. As such, the consuming public is likely to recognize Defendant Durant as DURANTULA. Plaintiff Durante's nearly 20 years of hard work and dedication to development of his celebrity persona would therefore be rendered useless.

41. Defendants' acts set forth above constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. By reason of Defendants' acts set forth above, Durante has been injured in his business and property. The injury to Durante is both immediate and irreparable. An award of monetary damages alone cannot fully compensate Durante for his injuries and Durante has no adequate remedy at law.

## COUNT III
## CONSUMER FRAUD AND DECEPTIVE TRADE PRACTICES

43. Plaintiff Durante repeats and realleges paragraphs 1 through 42 above by reference as if fully set forth herein.

44. Defendants' use of Durante's Mark is likely to cause confusion or misunderstanding on the part of consumers as to the source, sponsorship, affiliation, connection, or association of any product bearing the name DURANTULA.

45. As a result of these aforesaid acts, Defendants have been and are engaged in deceptive trade practices within the meaning of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*

46. Upon information and belief, Defendants have willfully engaged in the above described acts in Illinois and in this judicial district.

47. By reason of Defendants' acts set forth above, Durante has been severely injured in his business and property. The injury to Durante is, and continues to be, immediate and irreparable. An award of monetary damages alone cannot fully compensate Durante for his injuries and Durante lacks an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Durante requests this Court to enter the following relief for Durante and against Defendants and their officers, directors, agents, representatives, and all persons acting or claiming to act on their behalf or under their direction or authority, and all persons acting in concert or in participation with Defendants:

1. An order preliminarily and permanently enjoining Defendants' use, in any manner whatsoever, of the Mark or any confusingly similar mark, including phonetic equivalents;

2. An order requiring Defendants to remove language from and deactivate links to any merchandise or promotional materials referring to Kevin Durant as "DURANTULA" on any of their websites;

3. An order enjoining any further representations by Defendants, Defendants' affiliates, and Defendant Durant's sponsors that identify Durant as "DURANTULA."

4. An order restraining and enjoining Defendants from doing and engaging in any of the acts described above and directing Defendants to conform with each and every provision of this prayer for relief;

5. That Durante have an accounting for damages and for all the profits together with those profits lost by Durante due to the actions of Defendants claimed of herein;

6. That Durante be awarded compensatory damages that he has sustained as a result of Defendants' conduct;

7. That Durante be awarded punitive damages against Defendants;

8. That the damages against Defendants be trebled pursuant to 15 U.S.C. § 1117;

9. That Defendants pay Durante's costs and disbursements in pursuing this action, including his reasonable attorneys' fees; and

10. That Durante have such other and further relief as this Court may deem appropriate.

- 11 -

                                                Respectfully Submitted,

                                                MARK DURANTE

Dated: June 20, 2012                    By    /s/ David B. Sudzus
                                                David B. Sudzus
                                                Darren S. Cahr
                                                Noah C. Lauricella
                                                Jeffrey T. Baravetto
                                                DRINKER BIDDLE & REATH LLP
                                                191 N. Wacker Dr. Suite 3700
                                                Chicago, IL 60606
                                                (312) 569-1000
                                                *Counsel for Plaintiff Mark Durante.*

## VERIFICATION

I, Mark Durante, verify that I have read the foregoing Verified Complaint, and that the allegations made therein are true to the best of my knowledge, and that allegations made upon information and belief are believed by me to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on: June 18, 2012

_____
Mark Durante

CH01/ 25967399.4